UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER B. ROBINSON,

        Petitioner,                 Case No. 1:17-cv-138

v.                                     Honorable Janet T. Neff

SHERMAN CAMPBELL,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner purportedly pursuant to 28 U.S.C. § 2243. Because Petitioner alleges he is improperly held in custody pursuant to the judgment of a state court, the Court will consider his petition under 28 U.S.C. § 2254. *See Byrd v. Bagley*, 37 F. App'x 94, 95 (6th Cir. 2002) ("[R]egardless of the label on the statutory underpinning for the petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254.")

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir.

1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because the Court lacks subject matter jurisdiction.

## Factual Allegations

Petitioner Christopher B. Robinson attacks his January 7, 2014 Washtenaw County Circuit Court conviction and sentence of 2 to 4 years for resisting and obstructing a police officer, MICH. COMP. LAWS § 750.81. Petitioner, with the assistance of counsel, directly appealed his conviction and sentence. He won. The Michigan Court of Appeals vacated his conviction and sentence and remanded the matter to the trial court for further proceedings. *People v. Robinson*, No. 323878, 2016 WL 370040 (Mich. Ct. App. Jan. 28, 2016).

Petitioner's carefully crafted submissions leave the impression that despite the vacation of his conviction and sentence, he remains incarcerated on the January 7, 2014 conviction and sentence. The Washtenaw County Circuit Court docket reveals otherwise. Following the remand, the circuit court retried Petitioner, found him guilty of resisting and obstructing a police officer, and sentenced him to 2 years to 4 years imprisonment.[1] The Michigan Department of Corrections indicates that Petitioner is presently serving that sentence (as well as other sentences imposed more than 25 years ago for unrelated offenses).[2]

## Discussion

The federal habeas statute gives this Court jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or

---

[1] https://tcweb.ewashtenaw.org/PublicAccess/CaseDetail.aspx?CaseID=193186.

[2] http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=206760. This Court takes judicial notice of the information provided by a search of the MDOC OTIS website with regard to Petitioner. *See, i.e. Carpenter v. Mich. Dep't of Corr. Time Computation Unit*, No. 1:13-cv-313, 2013 WL 1947249 *1 n.1 (W.D. Mich. May 9, 2013); *Ward v. Wolfenbarger*, 323 F.Supp.2d 818, 821–22 n. 3 (E.D.Mich. 2004).

treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a). The Supreme Court has clarified "that the habeas petitioner must be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-491 (1989) (citing *Carafas v. LaVallee*, 391 U.S.234, 238 (1968). The petition here attacks a January 7, 2014 conviction and sentence. (Pet., ECF No. 1, PageID.2.) Petitioner is not "in custody" under that conviction and sentence. This Court does not have jurisdiction to entertain his petition.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because the Court lacks subject matter jurisdiction.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant

service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.

Dated:   March 6, 2017              /s/ Janet T. Neff
                                    Janet T. Neff
                                    United States District Judge